CARL N. FINLEY

VERSUS

SUSAN M. FINLEY

NO. 24-CA-618

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-NINTH JUDICIAL DISTRICT COURT
PARISH OF ST. CHARLES, STATE OF LOUISIANA
NO. 83,610, DIVISION "E"
HONORABLE TIMOTHY S. MARCEL, JUDGE PRESIDING

September 24, 2025

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Stephen J. Windhorst, and John J. Molaison, Jr.

**AMENDED IN PART AND AFFIRMED IN PART**
    **JJM**
    **MEJ**
    **SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

PLAINTIFF/APPELLEE,
CARL N. FINLEY
    In Proper Person

COUNSEL FOR DEFENDANT/APPELLANT,
SUSAN MORROW, DIVORCED WIFE OF CARL N. FINLEY
    Laura J. Todaro

**MOLAISON, J.**

The appellant, Susan Morrow, seeks a review of the December 28, 2023 judgment that partitioned the community property between her and her former husband, Carl Finley. For the following reasons, we affirm in part and amend in part.

**FACTS AND PROCEDURAL HISTORY**

Susan and Carl were married on May 17, 1997. Carl filed a petition for divorce on September 28, 2017. On May 10, 2018, the parties signed a consent judgment, which terminated the community, retroactive to September 28, 2017. The trial court granted the judgment of divorce on June 19, 2018.

Carl filed a petition to partition the community on December 7, 2018. Both parties filed detailed descriptive lists, supplemental detailed descriptive lists, and traversals of each other's descriptive lists.[1] On November 6, 2020, the parties entered into a consent judgment that awarded Susan 18.1% of Carl's firefighter's pension. The designated appellate record indicates the court held hearings on the partition on December 7, 2020, March 21, 2022, January 9, 2023, January 10, 2023, March 9, 2023, August 19, 2023, September 20, 2023, and October 12, 2023.[2]

On December 28, 2023, the trial judge rendered a judgment awarding each party certain enumerated assets and debts of the former community. The judgment states that "any item or thing" and any debt, in the name of either party, in the

---

[1] The designated record in this appeal contains a descriptive list filed by Carl on April 12, 2018 and a supplemental and amending descriptive list filed by Carl on January 25, 2019. The designated record contains Susan's traversals of these descriptive lists filed on January 25, 2019, March 22, 2019 and April 23, 2021. The designated record contains a descriptive list filed by Susan on February 15, 2019, a supplemental and amending descriptive list filed by Susan on February 22, 2021 and a supplemental and amending descriptive list filed by Susan on December 29, 2022. The designated record contains Carl's traversals of these descriptive lists filed on March 22, 2019 and April 21, 2021.

[2] The appellate record contains the transcripts of proceedings held on January 9, 2023, September 20, 2023, and October 12, 2023 and portions of the transcript for the hearings held on January 10, 2023 and August 16, 2023.

possession of either party, and not adjudicated to either party is "the separate property or obligation of the possessor or named debtor."

The trial court denied both parties' motions for a new trial on April 30, 2024. This timely appeal followed.[3]

## LAW AND DISCUSSION

On appeal, Susan claims the trial court erred in:

1. Failing to award her one-half of the legal fees from the matter entitled Tobie Ledet v. USA.

2. Allocating her a Roth IRA account in Carl's name, which Carl had previously liquidated.

3. Omitting an annuity contract that Carl had cashed.

4. Failing to give her credit for paying off a community debt on a credit card stipulated to be a community debt.

5. Omitting a gun safe that was stipulated to be in the possession of Carl.

6. Granting Carl a credit for a tax liability on his 2017 tax return.

The trial court has broad discretion in adjudicating issues raised by divorce and the partition of the community regime. *Vinet v. Vinet*, 20-387 (La. App. 5 Cir. 4/14/21), 347 So.3d 972, 976. The trial court has considerable latitude in determining an equitable distribution of the assets between the spouses. *Id.* We review the trial court's allocation or assignment of assets and liabilities in the partition of the community property under the abuse of discretion standard. *Id.* In addition, whether a reimbursement claim is allowed is a finding of fact that is reviewable under the manifest error standard. *Id.*

Legal Fees

The record indicates that the Louisiana Supreme Court suspended Carl's license to practice law on June 3, 2016, and did not reinstate it. At the October 12, 2023, hearing, Susan introduced documents to show that Carl deposited

---

[3] Carl also filed an appeal that he voluntarily dismissed.

$16,400.00 into his law office operating account in July 2018. She contends this represents a legal fee and costs reimbursement earned during the pendency of the community in a case entitled Tobie Ledet v. USPS. The record indicates that Carl received a check in this amount from another attorney in July 2018 and deposited it into a bank account in the name of "Carl Finley Atty at Law LC." In his extensive reasons for judgment, the trial judge stated that these legal fees were "deposited into an account held in the name of a limited liability company" and "there is no evidence the funds ever entered the personal patrimony of" Carl. The trial judge further found the funds in this account in the name of a limited liability company "are an asset of the limited liability company, not Carl individually." The trial judge went on to find the community did not possess an ownership interest in these funds.

On appeal, Susan claims that Carl deposited these funds into the law office account, transferred $6,000.00 to his personal bank account, and withdrew funds from the law office account to pay a monthly note for his vehicle. Susan alleges that Carl continuously commingled his law office income with personal funds.

At the January 9, 2023, hearing, Carl testified that he did not report any business income on his 2018 tax return.

Susan opted to designate the record for this appeal as permitted by La. C.C.P. art. 2128. As a result, a complete record of the trial court proceedings is not before this Court. Any inadequacy of the appellate record is imputable to the appellant. *Succession of Randazzo*, 23-0715 (La. App. 4 Cir. 9/6/24), 400 So.3d 197, 209. The designated appellate record before us does not show manifest error by the trial court in finding that the $16,400.00 deposited into the law office L.L.C. account in 2018 did not become the personal funds of Carl. The appellant is burdened on appeal to prove the error in the trial court's judgment. *Nair v. Nair*, 24-220 (La. App. 5 Cir. 12/20/24) 410 So.3d 874, 885. On appeal, Susan has not

pointed to any evidence in the appellate record to show that the trial court erred in failing to award her one-half of the fees allegedly earned in the Ledet case. Accordingly, we find no merit to this assignment of error.

Roth IRA

Throughout the marriage, the parties acquired numerous investments with Northwestern Mutual. On appeal, Susan argues that the trial court erred in awarding her the Northwestern Mutual Roth IRA account number 2156 in the name of Carl because Carl had liquidated this account on February 6, 2019, as evidenced by a Northwestern check issued to Carl.

At the August 16, 2023 hearing, Susan's counsel stated the parties "could stipulate" that this account was a community asset. The trial judge asked Carl's counsel if he agreed, and he replied, "I don't know about that right now." The trial court suggested that Carl testify. The portion of the transcript in the appellate record ends at this point. The trial judge found this account to be a community asset in the judgment dated December 28, 2024.

Carl disputes Susan's statement on appeal that a stipulation classified this account as a community asset at the August 16, 2023, hearing. However, Carl listed this account as a community asset on his descriptive lists. Additionally, during his traversals, he never disputed that this account was a community asset and never denied receiving the check for $16,334.66 from Northwest, which liquidated this account.

Based on the evidence in the appellate record, we find that the trial court manifestly erred in awarding Susan the Northwestern Mutual Roth IRA account number 2156, which Carl liquidated after the termination of the community. For this reason, we amend the judgment to award Susan an additional $16,334.66 from Carl.

Annuity contract

The record indicates that on March 25, 2007, Carl purchased Northwestern annuity contract number 2839; neither party included this annuity on the initial descriptive lists. However, discovery documents received by Susan from Northwestern listed this annuity and showed Carl liquidated the annuity on February 28, 2018. At the August 16, 2023, hearing, Carl's counsel initially claimed this was Carl's "personal annuity" but later stipulated that this was a community asset. The evidence indicates that Carl received a check for $4,127.74 when he cashed this annuity. The partition judgment does not allocate this annuity.

Based on the evidence in the record, the trial court manifestly erred in failing to partition this asset in the judgment. Accordingly, we amend the judgment to award Susan one-half the value of this annuity, $2,063.87, from Carl.

Credit Card Debt

On appeal, Susan argues that the trial court erred in not giving her credit for assuming the stipulated debt on the Chase Hyatt credit card in her name, which had a balance of $9,368.88 at the time of the community's termination. She asserts that she paid off this balance with separate funds.

Both parties listed this debt on their descriptive lists. However, the testimony regarding this debt was unclear. A discussion regarding the balance of $9,368.88 on the Chase Hyatt credit card was held at the January 20, 2023 hearing. The account number was initially listed as 2957, but it was changed later to 8562. Susan stated that there were unauthorized charges on the card, so Chase changed the account number. The parties stipulated that the balance of $9,368.88 was a community debt. Susan testified at the October 12, 2023, hearing that Carl continued to make payments on all of the credit card balances, including the Chase Hyatt card, until March 2018. She claimed that Carl only made the minimum payments on the card. She further testified that she was "given permission" to

"cash in some of the community gold to start paying" her bills. She admitted that she charged on the Chase card after the termination of the community.

In his reasons for judgment, the trial court stated that the balance of the Chase Hyatt card at the time of trial was $9,368.88. This ruling is clearly erroneous, as the record indicates that this was the balance on the card at the time of the community's termination. However, we find no error in the trial court's failure to give Susan credit for assuming this debt. The record is void of any evidence that Susan paid this debt. The only testimony regarding payment of this debt came from Susan at the October 12, 2023, hearing when she testified that Carl made payments on this credit card balance up until March 2018. Susan does not point to any evidence to prove that she "assumed this debt and paid off the balance from her separate funds."

Appellate briefs of the parties are not part of the record on appeal, and this Court has no authority to consider facts referred to in appellate briefs if they are not in the record lodged in the appellate court. *McKamey v. Carona*, 14-388 (La. App. 5 Cir. 3/11/15), 169 So.3d 449, 461, *writ denied*, 15-0723 (La. 6/1/15), 171 So.3d 933. The appellate record does not support Susan's assertion that she assumed the community debt on the Chase Hyatt card and paid it with her separate funds. This assignment of error is without merit.

Gun Safe

On appeal, Susan argues that the trial court judgment is "manifestly erroneous in failing to adjudicate a large Sentry gun safe which was clearly acquired during the marriage as community property and was still in" Carl's possession at the time of trial.

The record indicates that a large gun safe, later described as a Sentry gun safe, is listed on Susan's descriptive lists. She contends that because the trial judge

awarded her all of the guns that belonged to the community, the failure to include the gun safe in the partition judgment was an "oversight" by the trial judge.

At the January 9, 2023, hearing, Carl testified that during their marriage, they purchased a large Sentry gun safe, which is currently in his possession. He elaborated that it has "a big hole in the back of it."

The partition judgment does not mention this damaged gun safe. However, the judgment does provide that "any item or thing" in the possession of either party not adjudicated to either party is the "property of the possessor." We find no merit to Susan's argument that the trial judge erred in failing to include this damaged gun safe in the partition judgment.

Credit for Tax Liability

The record contains a 2017 Federal Income Tax Form 1040 showing Carl filed the return as "married, filing separately." This form indicates a federal tax liability of $31,602.00. The record also contains a 2017 Louisiana tax return indicating a liability of $2,228.00. The partition judgment determined that these tax liabilities were community debts and allocated them to Carl.

The record contains a letter from an accountant addressed to Carl stating that there was an overpayment of $7,965 on "his" 2016 tax return. The appellate record does not contain a 2016 tax return. On appeal, Susan argues that the trial court erred in awarding Carl the 2016 tax credit, reasoning that the credit does not appear on the 2017 tax return contained in the record. Susan further argues that Carl submitted no proof to show what income he earned in 2017 before the termination of the community.

The partition judgment and reasons for judgment do not mention the tax credit. The record is unclear whether the parties introduced into evidence the accountant's letter stating that there is a 2016 tax credit; however, during the trial,

Carl acknowledged that this credit exists at the September 20, 2023, hearing.[4]

Regardless, the evidence supports the termination of the community on September 28, 2017. A tax credit from the parties' 2016 federal tax return would be a community asset. The trial court found that the 2017 taxes owed are a community debt and assigned this debt to Carl. The trial court did not err by declining to partition the 2016 tax credit because it had already assigned Carl responsibility for the 2017 tax debt. This argument lacks merit.

CONCLUSION

For the preceding reasons, we amend the December 28, 2023, judgment of the trial court to award Susan Morrow Finley $18,398.53 ($16,334.66 + 2,063.87) to be paid by Carl Finley within thirty (30) days of this opinion. We affirm the December 28, 2023 judgment in all other respects.

**AMENDED IN PART AND AFFIRMED IN PART**

---

[4] Carl referred to an email from the accountant to he and Susan.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**SEPTEMBER 24, 2025** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL
PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-CA-618**

**E-NOTIFIED**
29TH JUDICIAL DISTRICT COURT (CLERK)
TIMOTHY S. MARCEL (DISTRICT JUDGE)
HONORABLE LAUREN D. ROGERS (DISTRICT JUDGE)
LAURA J. TODARO (APPELLANT)

**MAILED**
CARL N. FINLEY, II  (APPELLEE)
709 DODGE AVENUE
JEFFERSON, LA 70121